UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

KEVIN ROBERTS, )
 )
    Petitioner, )
 )
vs. ) Case No. 4:07CV02102 ERW
 )
MICHAEL BOWERSOX,[1] )
 )
    Respondent. )

**MEMORANDUM AND ORDER**

This matter comes before the Court on Kevin Roberts' Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody [doc. #1]. This matter was referred to United States Magistrate Judge Mary Ann L. Medler, who prepared a Report and Recommendation [doc. #10] pursuant to 28 U.S.C. § 636(b). The Report and Recommendation was issued on October 22, 2008. Petitioner filed what the Court interprets to be an Objection [doc. #13] to the Magistrate's Report and Recommendation on November 5, 2009.

**I.    BACKGROUND**

On December 8, 1998, Kevin Roberts' ("Petitioner") was indicted for the "felony of statutory rape in the first degree . . . in that between the 1st day of January 1992 and the 30th day of July 1998 . . . the defendant had sexual intercourse with [L.B.], who was then less than twelve years old" and for the "felony of statutory sodomy in the first degree . . . in that between the 1st day of January 1992 and the 30th day of July 1998 . . . the defendant had deviate sexual

---

[1] Michael Bowersox is the warden of the South Central Correctional Center where Petitioner is incarcerated, and is substituted as the named Respondent pursuant to 28 U.S.C. § 2254, Rule 2(a).

intercourse with [L.B.], who was then less than twelve years old."[2] Petitioner's first trial resulted in a hung jury, and a mistrial was declared. Subsequently a second trial was held, and a jury found Petitioner guilty on both counts. He was sentenced to two concurrent terms of twenty years imprisonment, and filed a direct appeal. His conviction was affirmed on appeal. *See State v. Roberts*, 83 S.W.3d 604 (Mo. Ct. App. 2002). Petitioner then filed a pro se post conviction relief motion, which was denied, and the denial was affirmed by the Missouri Court of Appeals. *See Roberts v. State*, 232 S.W.3d 581 (Mo. Ct. App. 2007).

## II. UNTIMELY AND GENERAL OBJECTION

Generally, when a party objects to a magistrate's report and recommendation, the Court must conduct a *de novo* review of the portions of the report, findings, or recommendations to which the party objects. *See United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003) (citing 28 U.S.C. § 636 (b)(1)). However, when the objection is untimely or general, *de novo* review is not triggered. *See Branch v. Martin*, 886 F.2d 1043, 1046 (8th Cir. 1989) (citing *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984)). Here, Petitioner's objection was filed fourteen days after the issuance of the Report and Recommendation, and was therefore late. Additionally, the objection is very general, stating only:

> My name is Kevin Roberts 1053782 Case 4:07-CV2102. I have gotten back document: 10 with your recommendation that it be denied. Your honor, I fought this case ever since I was incarcerated in June of 2001. Despite of the alleged crime that occured, I am innocent of these charges. I have been through two trials, the first one being an hung jury before then I was offered probation. I turned it down because of my innocence. So it went to a second trial. Your honor, I don't know a lot of law but I was always told that a person is guilty based on the evidence presented. The doctor that examined the alleged victim [L.B.] said that this crime happened in August of 1998, and that the findings could not prove that Mr. Roberts done it. In the first trial, Yvonnia Brooks stated that Mr. Roberts moved out in Jan of 1998? The second trial [L.B.] said that Mr. Roberts moved out in Dec of 1997? My attorney Mr.

---

[2] The Court has changed all references to the victim to "L.B."

> Thompson recommended that I file for petition of habeas corpus to have my case heard.

[spelling and grammatical errors in original]. The Federal Rules state that objections are to be "specific," which enables the district court "to focus attention on those issues-factual and legal-that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985); Fed. R. Civ. P. 72. Petitioner's objections are not timely or specific, and he has waived his right to a *de novo* review of the Report and Recommendation. Nonetheless, the Court will briefly address the grounds for relief Petitioner raised in the pending action.

## III. DISCUSSION

The Court has reviewed the pleadings in this action and the Magistrate's Report and Recommendation. The Court agrees with the Magistrate's conclusion that Petitioner's allegations in his fourth ground for relief related to the testimony of Yvonnia Brooks and Shirley Keys are procedurally defaulted because they were not raised in his direct appeal. *See Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991). Additionally, his allegation related to his counsel's "failure to get medical records to refute time of alleged crime" in his first ground for relief are procedurally defaulted as well. *See id.*

Petitioner's allegations that have not been procedurally defaulted are1; (1) ineffective assistance of counsel for failing to object or propose an alternate response to a question from the jury, (2) ineffective assistance of counsel for failing to investigate and present evidence relating to L.B.'s mother's attempt to obtain an order of protection, (3) that the state failed to meet its burden at trial because L.B.'s testimony was contradictory, and (4) that the jury was incorrectly instructed on the charge of statutory sodomy in the first degree.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") applies to all petitions for habeas relief filed by state prisoners after this statute's effective date of April 24, 1996. *Lindh v.*

*Murphy*, 521 U.S. 320, 326-29 (1997). When conducting a review pursuant to § 2254, the district court is limited to deciding whether decisions of the state court on the merits were "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court." 28 U.S.C. § 2254(d)(1). An application for habeas relief will not be granted unless the state's prior adjudication of the claim "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings." 28 U.S.C. § 2254(d)(2). Additionally, "[a] state court's determination on the merits of a factual issue is entitled to a presumption of correctness." *Boyd v. Minnesota*, 274 F.3d 497, 500 (8th Cir. 2001).

As a result, the Court must first determine whether the state court addressed Petitioner's claims on the merits in order to determine whether the AEDPA standard of review applies. *See Brown v. Luebbers*, 371 F.3d 458 (8th Cir. 2004). There are no "bright-line rules" and instead the Court "must simply look at what a state court has said, case by case, and determine whether the federal constitutional claim was considered and rejected by that court." *Id.* at 461. If the federal claim is not adjudicated on its merits in the state court proceedings, the Court will not apply the AEDPA standard. *Robinson v. Crist*, 278 F.3d 862, 865 (8th Cir. 2002). Instead, the Court will apply the pre-AEDPA standard, which asks whether the petitioner has demonstrated a "'reasonable probability that the error complained of affected the outcome of the trial,' or that the verdict likely would have been different absent the now-challenged [error]." *Id.* (quoting *Hamilton v. Nix*, 809 F.2d 463, 470 (8th Cir. 1987)).

A. *INEFFECTIVE ASSISTANCE: QUESTION FROM THE JURY*

This claim was adjudicated on the merits in Petitioner's state court appeal, and as a result, the Court must apply the AEDPA standard and ask whether their decision was "contrary to, or

involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court." 28 U.S.C. § 2254(d)(1). In *Strickland v. Washington*, the Supreme Court held that a showing of ineffective assistance of counsel requires a movant to demonstrate; (1) that counsel's performance was deficient in that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment," and (2) that "counsel's deficient performance prejudiced the defense." 466 U.S. 668, 687 (1984); *see also Auman v. United States*, 67 F.3d 157, 162 (8th Cir. 1995).

Jury instructions satisfy due process requirements where they require the state to prove beyond a reasonable doubt each element of the crime. *See Sandstrom v. Montana*, 442 U.S. 510, 513 (1979). The Missouri Court of Appeals considered whether the instructions were clear and accurate, and found that they were. As a result, they determined that any objection by Petitioner's counsel would have been unsuccessful. This conclusion is not contrary to federal law, and instead is based upon a reasonable application of federal law. Because counsel's objection would have been unsuccessful, Movant was not prejudiced by his failure to object. *See Strickland,* 466 U.S. at 697. If a movant fails to make a sufficient showing of one prong, the Court need not address the other prong, and this ground for relief will be denied. *Fields v. United States*, 201 F.3d 1025, 1027 (8th Cir. 2000).

B. *INEFFECTIVE ASSISTANCE: ORDER OF PROTECTION*

This claim was adjudicated on the merits in Petitioner's state court appeal, and as a result, the Court must apply the AEDPA standard and ask whether their decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court." 28 U.S.C. § 2254(d)(1). In *Strickland v. Washington*, the Supreme Court held that a showing of ineffective assistance of counsel requires a petitioner to demonstrate; (1) that

5

counsel's performance was deficient in that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment," and (2) that "counsel's deficient performance prejudiced the defense." 466 U.S. at 687 (1984).

The Missouri Court of Appeals stated that:

> Here, Roberts's defense at trial was that he did not abuse L.B. Any effort by his trial counsel to investigate and introduce evidence that Ms. Brooks attempted, without success, to obtain an order of protection against him would not have aided his defense or changed the outcome of the trial. As the motion court pointed out, Ms. Brooks's petition for an order of protection did not confirm if and when Roberts moved out of that residence or if he was living at that residence during the time L.B. was being abused.

*Roberts*, 232 S.W.3d at 585. The petition simply does not contain the evidence Petitioner asserts it possesses, and would have been unsuccessful in impeaching this witness. Because the introduction of this evidence would not have changed the outcome of the trial, Movant was not prejudiced by this decision by his counsel. *See Strickland,* 466 U.S. at 697.

## C.     *CONTRADICTORY TESTIMONY BY L.B.*

Petitioner asserts that L.B's testimony was inconsistent and therefore lacked probative value. This ground for a relief was raised on Petitioner's direct appeal, however, it was affirmed without comment by the Missouri Court of Appeals, and as a result, the Court will apply the pre-AEDPA standard. This ground is an attack upon the sufficiency of the evidence, and the Court must "view the evidence in the light most favorable to the prosecution and decide whether any rational jury could have found, beyond a reasonable doubt, all of the elements of the crime." *Weston v. Dormire*, 272 F.3d 1109, 1111 (8th Cir. 2001) (citing *Jackson v. Virginia*, 443 U.S. 307, 309 (1979)). The Court is not permitted to assess the credibility of a witness, and "must presume that the trier of fact resolved all conflicting inferences in the record in favor of the state." *Whitehead v. Dormire*, 340 F.3d 532, 536 (8th Cir. 2003); *Robinson v. LaFleur*, 225 F.3d 950,

954 (8th Cir. 2000). The testimony that was presented at trial was sufficient for a rational jury to have found all the elements of these crimes beyond a reasonable doubt. Under the pre-AEDPA standard, this claim is without merit, and the relief Petitioner seeks will be denied.

## D. *INCORRECT JURY INSTRUCTION*

Petitioner asserts that the trial court erred in overruling his objection to Instruction No. 6, the verdict director for his charge of statutory sodomy. Specifically, he asserts that the instruction was incorrect because it described a different type of deviate sexual intercourse than the verdict director that was submitted at his first trial.[3] The indictment did not state which specific act of deviate sexual intercourse formed the basis for the statutory sodomy charge, and merely stated that he was charged with the "felony of statutory sodomy in the first degree . . . in that between the 1st day of January 1992 and the 30th day of July 1998 . . . the defendant had deviate sexual intercourse with [L.B.], who was then less than twelve years old."

Because the Missouri Court of Appeals affirmed the trial court without discussion on this issue, the Court will apply the pre-AEDPA standard. The Court must determine whether the petitioner has demonstrated a "'reasonable probability that the error complained of affected the outcome of the trial,' or that the verdict likely would have been different absent the now-challenged [error]." *Id.* (quoting *Hamilton v. Nix*, 809 F.2d 463, 470 (8th Cir. 1987)). The instruction that was provided to the jury was not confusing or misleading, and jury instructions satisfy due process requirements where they require the state to prove beyond a reasonable doubt each element of the crime. *See Sandstrom*, 442 U.S. at 513. The indictment did not specify the

---

[3] The instruction at his first trial instructed the jury to find Petitioner guilty if it found that he "placed a sexual instrument in the vagina of [L.B.]" while the instruction at his second trial instructed the jury to find Petitioner guilty if it found that he "placed his penis in the mouth of [L.B.]."

7

act of deviate sexual intercourse, and as a result, the Government was free to submit an instruction detailing a different type of deviate sexual intercourse at Petitioner's second trial. There is no evidence that the jury interpreted the instruction in a manner that violated the Constitution, and the instruction did not violate any constitutional right. There was no error in providing this instruction, and this ground for relief will be denied.

V. CONCLUSION

The Court has reviewed the Magistrate Judge's findings and concludes that Plaintiff's objection and grounds for relief are without merit. The state court did not violate the treaties, laws, or Constitution of the United States, and therefore habeas relief is not warranted in this case. The Court hereby sustains, adopts, and incorporates herein the Magistrate's Report and Recommendation, as supplemented by this Court's independent analysis.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Kevin Roberts' Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody [doc. #1] is **DENIED.**

Dated this 27th Day of August, 2009.

E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE